IN RICHMOND SUPERIOR COURT, JULY, 1832.

A. SLAUGHTER and C. LABUZAN *vs.* CABEL THOMPKINS.

*Motion in Arrest of Judgment.*

RICHMOND,
July, 1832.

SLAUGHTER
and Another
*v.*
THOMPKINS.

Non-residence must be pleaded, and cannot be taken advantage of, on motion in arrest of judgment before the Superior Courts of the state of Georgia.

Defendants in such cases by appearing and filing issuable pleas, waive their right to be sued in the county where they reside.

THE alleged error, made the ground of this motion, is, " That the plaintiffs have failed to give jurisdiction to the court in the pleadings, by averring that the defendant was at the time of action commenced, a citizen, and resident of the county of Richmond."

If this were a court of limited jurisdiction, and that jurisdiction were dependent upon the residence of the defendant, there could be no question about sustaining the motion. But there can be little difficulty or hesitation in determining, that our Superior Courts are of general jurisdiction. They have exclusive and final jurisdiction in criminal matters, and general jurisdiction over all civil cases ; (exclusive in such as respect titles to land, and concurrent with other courts in all other cases;) they have the general superintendency and control over all inferior judicatories, to restrain them if they exceed their jurisdiction, and to correct their errors.

That provision in the 1st section of the 3d article of the Constitution which alone creates any difficulty on this subject applies expressly to the Inferior Court. There is no such provision in the grant of power to the Superior Court. Suppose, however, the terms " which shall be tried in the county wherein the defendant resides" which apply to the Inferior, might, by the use of the word " concurrent" in the grant of power to each, be extended to the Superior Court, still they cannot produce the effect of changing the character of the court from one of general, to one of limited and special powers. They should be considered as conferring a personal privilege, (which in fact they do) rather than as limiting the jurisdiction of the court : They are directory of the place of trial, and not restrictive of the power of the court ; and this direction is for the benefit of defendants, it being the manifest intention of the framers of the Constitution to bring justice as near to every man's door as possible.

If this position be correct, the conclusion is easy. The rule of law being, that in courts of general jurisdiction, every thing is to be intended within their jurisdiction, unless the contrary is made specially to appear : the defendant should have plead his non-residence, and cannot take advantage of it by motion in arrest of judgment.

The authority of cases arising in the Circuit Courts of the United States, has been invoked in favor of this motion. Those are courts of strictly limited jurisdiction, not only as to the character of the parties, but also as to the subject-mat-

ter of suit ; and the principles of the cases cited, and of the present, differ as widely as the nature of the two courts. There the presumption is against the jurisdiction, which must be expressly shown to exist : Here the presumption is in favor of the jurisdiction, which must as expressly be shown not to exist.

But there is a provision in the organization of the Circuit Courts, very much in principle like that provision in the Constitution of Georgia, which gives rise to this motion. It is declared in the 11th section of the judiciary act of 1789, that " no civil suit shall be brought before either of said courts (District or Circuit) against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." Here the words, which give the privilege of being sued alone in the district of which one is an inhabitant, are much stronger than those used in the Constitution of Georgia ; and the construction which they have always received in the Supreme Court has been, " that it was not necessary to aver, on the record, that the defendant was an inhabitant of the district, or found therein. That it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties. The exemption from arrest in a district in which the defendant was not an inhabitant, or in which he was not found at the time of serving the process, was the privilege of the defendant, which he might waive by voluntary appearance. That if the process was returned by the marshal or served upon him within the district, it was sufficient ; and that where the defendant voluntarily appeared in the court below, without taking the exception, it was an admission of the service, and a waiver of any farther inquiry into the matter." 8 Wheaton, 699.

In the present case the sheriff of Richmond county returns that he arrested the defendant, and that he gave bail. The defendant appeared at court and plead several pleas, all issuable, among which was a plea of set-off, and a balance claimed in terms of our law. The defendant thus actually assumed the offensive attitude, and endeavored both by proof and by argument to obtain the judgment of the court in his favor, for a considerable sum, though he failed. And surely if any conduct could amount to a waiver of privilege, the conduct of the defendant in this case does ; and nothing short of a clear, manifest want of authority in the court to award judgment would warrant it in sustaining this motion.

The motion is refused.

R. H. and I. W. WILDE and CRAWFORD and CUMMING for plaintiffs.

W. B. THOMAS and I. P. KING for defendants.